NO. 07-08-0040-CR
NO. 07-08-0041-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 8, 2008

_____

JOSHUA MCCABE SUTTON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NOS. 55,347-A & 55,348-A; HONORABLE HAL MINER, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Pursuant to open pleas of guilty, Appellant, Joshua McCabe Sutton, was convicted of delivery of a controlled substance. Punishment was assessed at eight years confinement in each case. The Trial Court's Certifications of Defendant's Right of Appeal have two options checked: (1) "[i]s a plea-bargain case, and the defendant has NO right

of appeal," and (2) "[t]he defendant has waived the right of appeal." Additionally, the certifications include a handwritten notation that defendant "retains right of appeal on punishment issues." As prepared, the certifications in these cases are confusing and defective. Nothing in Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure limits a defendant's right to appeal a case in which the defendant enters an open plea of guilty, i.e., without a recommendation on punishment, to punishment issues only. *See Dears v. State*, 154 S.W.3d 610, 613 (Tex.Crim.App. 2005).

Consequently, we abate these appeals and remand the causes to the trial court for further proceedings. Upon remand, the trial court shall utilize whatever means necessary to secure proper Certifications of Defendant's Right of Appeal in compliance with Rule 25.2(d).[1] Once properly completed and executed, the certifications shall be included in a supplemental clerk's record. *See* Tex. R. App. P. 34.5(c)(2). The trial court shall cause this supplemental clerk's record to be filed with the Clerk of this Court by May 19, 2008. This order constitutes notice to all parties of the defective certification pursuant to Rule 37.1 of the Texas Rules of Appellate Procedure. If a supplemental clerk's record containing a proper certification is not filed in accordance with this order, this matter will be referred to the Court for dismissal. *See* Tex. R. App. P. 25.2(d).

---

[1]Effective September 1, 2007, Rule 25.2(d) was amended. The proper form to use in certifying a defendant's right of appeal can be found at Appendix D to the 2008 Texas Rules of Appellate Procedure.

2

Should the trial court certify that Appellant has the right of appeal, it should also determine the following:

1.    whether Appellant desires to prosecute the appeal; and
2.    whether Appellant is indigent and entitled to appointed counsel.

Should it be determined that Appellant has the right of appeal and desires to continue the appeal and the court determines that he is indigent and entitled to appointed counsel, the name, address, telephone number, and state bar number of the newly-appointed counsel shall be provided to the Clerk of this Court.  In that situation, the trial court shall cause its findings, conclusions, and orders, if any, to also be included in a supplemental clerk's record.  Finally, the trial court shall cause this supplemental clerk's record to be filed with the Clerk of this Court by May 19, 2008.

Pending before this Court is a motion for extension of time in which to file the clerk's record in which the clerk indicates that Appellant has not paid nor made arrangements to pay for the record.  The motion also indicates that Appellant is proceeding pro se.  We defer ruling on this motion pending receipt of the supplemental clerk's record containing the corrected certification of Appellant's right to appeal.

The reporter's record was due to be filed by March 20, 2008.  The Court *sua sponte* suspends this deadline pending receipt of the supplemental clerk's record containing the corrected certifications of Appellant's right to appeal.

3

It is so ordered.

Per Curiam

Do not publish.